IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL NO. 14 METAL POLISHERS 401(k) RETIREMENT PLAN FUND; and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, | ) ) ) ) ) | |
| | ) | No. 14 C 3959 |
| Plaintiffs, | ) | |
| v. | ) ) | Judge |
| JOHN CICHY, Individually and d/b/a LAKESIDE RESTORATIONS, LAKE SIDE RESTORATION, LAKESIDE MARBLE RESTORATIONS, LAKESIDE MARBLE RESTORATIONS, INC.; and LAKESIDE MARBLE RESTORATIONS, INC., a dissolved Illinois corporation, | ) ) ) ) ) ) ) | Magistrate Judge |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, by and through their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, GREGORY W. HOSE` and ARNOLD AND KADJAN, complain against the Defendant, JOHN CICHY, Individually and d/b/a LAKESIDE RESTORATIONS, LAKE SIDE RESTORATION, LAKESIDE MARBLE RESTORATIONS , LAKESIDE MARBLE RESTORATIONS, INC., and LAKESIDE MARBLE RESTORATIONS, INC., a dissolved Illinois corporation, as follows:

**COUNT I**

1.      This court has subject matter jurisdiction and pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Section 185(a), and Section 502 of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. Section 1132 (e)(1), 1145

1

and 28 U.S.C. Section 1331.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs' Funds are administered in this judicial district.

3.      The Plaintiffs are the Trustees of the District Council No. 14 Metal Polishers 401(k) Retirement Plan Fund ("Retirement Fund" and have standing to sue pursuant to 29 U.S.C. Section 1132 (d)(1).

4.      The Retirement Fund is an employee pension benefit fund in that it was established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and certain employers for the purpose of providing retirement benefits to employees.

5.      The Retirement Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provision of the Collective Bargaining Agreement and Declaration of Trust ("Trust Agreement") which established the Retirement Fund.

6.      John Cichy, individually and d/b/a Lakeside Restorations ("Cichy'), at all pertinent times herein, has been an employer in an industry affecting commerce.  Cichy, on or about August 26, 2011executed a Collective Bargaining Agreement with the Union, which makes it a party to the collective bargaining agreement ("Labor Agreement") between the Chicago Metal Contractors Bargaining Association and  the Union.  Since that date, Cichy has also conducted business, individually, in the name of Lake Side Restoration, Lakeside Marble Restorations, and Lakeside Marble Restorations, Inc., as Cichy is a party to the Collective Bargaining Agreement between the Metal Contractors Bargaining Association and the Union,

2

Cichy is liable under the Collective Bargaining Agreement for all activity under any and all of these unincorporated entities.

7.    Pursuant to the provisions of the Collective Bargaining Agreement, Cichy is bound to the Trust Agreement and is required to make periodic contributions to the Retirement Plan Fund for hours worked by its employees.

8.    Under the terms of the Collective Bargaining Agreement and Trust Agreement to which it is bound, Cichy is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not is in compliance with its obligation to contribute to the Retirement Fund. In addition, the Labor Agreement and the Trust Agreement require Lawnicki to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

9.    Cichy has breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit all of the required contributions to the Retirement Fund for the period from January 2014 through the present.

10.    Pursuant to the provisions of the Labor Agreement and Trust Agreement and/or ERISA, Cichy is required to pay liquidated damages, auditor fees, interest and all attorneys' fees and court costs incurred in the collection process.

11.    Cichy is obligated to pay the attorney's fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreement, and 29 U.S.C. Section 1132 (g)(D).

12.    Pursuant to 29 U.S.C. 1132 (g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

3

(i)    interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreement not in excess of twenty percent of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That Cichy be ordered to produce reports and contributions for the period from January 1, 2014 through the present;

B.    That judgment be entered in favor of Plaintiffs and against Cichy in the amount shown to be due on the reports;

C.    That Cichy be ordered to produce books and records for a fringe benefit fund contribution compliance audit for the period from August 26, 2011 through the present, and that judgment be entered for all monies owed on the audit;

D.    That Plaintiffs be awarded their costs herein, including interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided by 29 U.S.C. Section 1132(g)(2)(D); and

E.    That this Court grant such other and further relief as may be appropriate under the circumstances.

### <u>COUNT II</u>

### Jurisdiction and Venue

1-2.    Plaintiffs reallege paragraphs 1 through 2 of Count I as and for paragraphs 1 through 2 of this Count II.

## The Parties

3.      The Plaintiffs in this Count II are the Trustees of the Chicago Painters and Decorators Welfare Fund, ("Welfare Fund"), and have standing to sue pursuant to 29 U.S.C. Section 1132 (d)(1).

4.      The Welfare Fund is an employee benefit fund in that it was established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and certain employer associations for the purpose of providing benefits to employees.

5.      The Welfare Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreement and Declaration of Trust ("Trust Agreement") which established the Welfare Fund.

6.      Plaintiffs reallege paragraph 6 of Count I as and for paragraph 6 of this Count II.

7.      Pursuant to the provisions of the Labor Agreement, Cichy is bound to the Trust Agreement and is required to make periodic contributions to the Welfare Fund Fund for his employees.

8.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, Cichy is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not is in compliance with its obligation to contribute to the Welfare Fund. In addition, the Labor Agreement and the Trust Agreement require Lawnicki to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

5

9.    Cichy has breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit all of the required contributions to the Welfare Fund for the period from January 2014 through the present; and by failing to produce books and records for a fringe benefit fund contribution compliance audit for the period from August 26, 2011, through the present, despite repeated requests that he do so.

10-11.  Plaintiffs reallege paragraphs 10 through 11 of Count I as and for paragraphs 10 through 11 of this Count II.

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That Cichy be ordered to produce reports and contributions for the period from January 2014 through the present;

B.    That judgment be entered in favor of Plaintiffs and against the Defendant in the amount shown to be due on the reports;

C.    That Cichy be ordered to produce his books and records for a fringe benefit compliance audit for the period from August 26, 2011 through the present and that judgment be entered for all amounts shown to be due on the audit;

D.    That Plaintiffs be awarded their costs herein, including interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided by 29 U.S.C. Section 1132(g)(2)(D); and

E.    That this Court grant such other and further relief as may be appropriate under the circumstances.

6

## COUNT III

1.      The Plaintiffs are the Trustees of the Chicago Painters and Decorators Welfare Fund, and their principal place of business is in Will County, Illinois, which is in this judicial district.

2-3.    Plaintiffs reallege paragraph 1 and 2 of Count I as and for paragraphs 2-3 of this Count III. Jurisdiction is also founded on this Court's supplemental jurisdiction, 28 U.S.C. 1367.

4-6.    Plaintiffs reallege paragraphs 3 through 5 of Count II as and for paragraphs 4 through 6 of this Count III.

7.      Upon information and belief, Defendant John Cichy, individually and d/b/a Lakeside Marble Restorations, In., resides within this judicial district.

8.      Upon information and belief, the Defendant Lakeside Marble Restorations, Inc. ("Lakeside") is a dissolved Illinois corporation, which at pertinent times herein, was a corporation engaged in an industry affecting commerce, and its principal place of business was located in Chicago, Cook County, Illinois. Lakeside was incorporated in May, 2010 and it was involuntarily dissolved by the State of Illinois, Secretary of State, on or about October 12, 2012.

9.      Upon information and belief, Defendant John Cichy, at all pertinent times hereto, has been the president of Lakeside.

10.     Pursuant to the provisions of the Collective Bargaining Agreement, Welfare Fund Trust Agreement, and applicable provisions of ERISA, Cichy owed Plaintiffs for contributions and other charges for the period from February 2013 through December, 2013.

11.     For good and valuable consideration, on or about January 24, 2014, Lakeside Marble Restorations, Inc., in the name its president, Cichy, and John Cichy, individually, as a

7

co-maker, executed and had delivered to Plaintiffs' agent in Cook County, Illinois an Installment

Note for the payment of the fringe benefit fund delinquency in the principal amount of

$25,772.02, plus interest. A copy of the Installment note is attached as Exhibit 1.

12.     Plaintiffs are the owner and holder of the Installment Note.

13.     Defendants have failed to make the payment that was required to be paid on the

Note on May 1, 2014.

14.     Defendants are, therefore, in default pursuant to the terms of the Installment Note.

15.     A balance remains due and owing of $22,572.02, plus interest at the rate of

eighteen percent per annum, after May 1, 2014.

16.     Plaintiffs have made demand that the obligations be paid under the Installment

Note but the payments have not been made.

WHEREFORE, Plaintiffs pray:

A.     That judgment be entered in favor of Plaintiffs and against the Defendants

Lakeside Marble Restorations, Inc., and John Cichy, individually, in the principal amount of

$22,572.02, which is the balance due under the Installment Note, plus interest as it has accrued

since May 1, 2014 at the rate of eighteen percent per annum;

B.     That Plaintiffs be awarded their costs herein and attorneys' fees; and

C.     That the Court grant Plaintiffs such other and further relief as it may deem

appropriate under the circumstances.

8

Respectfully submitted,

TRUSTEES OF THE DISTRICT COUNCIL NO. 14
METAL POLISHERS 401 (k) RETIREMENT PLAN
FUND; and TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS WELFARE FUND,

By:    S/James R. Anderson
       One of Plaintiffs' attorneys


DONALD D. SCHWARTZ
JAMES R. ANDERSON
GREGORY W. HOSE`
ARNOLD AND KADJAN
203 North LaSalle Street, Suite 1650
Chicago, IL 60601
(312)236-0415

9